UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE MEREDITH,<br><br>        Plaintiff,<br><br>v.<br><br>MORGAN STANLEY & CO., LLC, MORGAN STANLEY,<br><br>        Defendants. | Case No.: 3:23-cv-00850-BEN-DDL<br><br>**ORDER DENYING MOTION TO VACATE ARBITRATION DECISION**<br><br>**[ECF Nos. 1, 6]** |

      Plaintiff Charlie Meredith ("Plaintiff") filed the above action seeking to vacate a decision by the arbitration panel of the Financial Industry Regulatory Authority ("FINRA"), which dismissed Mr. Meredith's claim against Defendant Morgan Stanley Smith Barney LLC ("Defendant"). ECF No. 1, 6. Before the Court is Plaintiff's Motion for Order Granting Petition to Vacate FINRA Arbitration Decision. ECF No. 6.[1] Defendant filed an opposition, and Plaintiff replied. ECF Nos. 22, 24. No oral argument was requested by the parties, and the Court finds this motion appropriate to rule on the papers pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil

---

[1] Although Plaintiff filed this motion thrice previously (*see* ECF Nos. 1, 2 and 3), due to clerical errors, these motions were incorrectly filed or withdrawn. See ECF No. 5, Notice of Withdrawal of Documents. Accordingly, ECF No. 6 is the operative motion.

Procedure. After reviewing the applicable law and the parties' arguments, and for the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I. BACKGROUND

The following facts are drawn from Plaintiff's motion and the Summary of Claim ("SOC") section of a document submitted by Plaintiff to the FINRA arbitration panel. *See* ECF Nos. 6 at 7-10, 22 at 29-34. In April 2007, Plaintiff opened seven financial accounts with Defendant, into which he deposited over ten million dollars of his wealth. ECF No. 6 at 7. The SOC states that Plaintiff,

> "directed MS[2] to list him as owner of all of the assets and as the 'Primary Account Holder' on all accounts prior to MS account inception. The majority of the assets were to be listed in accounts in his wife's name in name only for asset protection which MS assured Claimant they could and would do."

ECF No. 22 at 29. Plaintiff alleges advisors employed by Defendant came to his home with documents to sign "days after he was released from a hospital" while he was "unable to walk and heavily medicated." ECF No. 6 at 6. Plaintiff alleges these documents "transferred the vast majority of his money and assets to accounts titled in his former wife's name." *Id*.; ECF No. 22 at 30.

Plaintiff further alleges in 2009, Defendant "dispensed unlicensed accounting, estate planning, legal and tax advice" by advising him to "purchase a financial product that required the execution of certain documents that upon execution, transmuted all rights...to the vast majority of his money and assets to his then wife…" *Id*.[3] Although ultimately unclear, the SOC appears to place this event in 2008, when new advisers assigned to Plaintiff's account "immediately recommended… that [Mr. Meredith and his wife] execute a California Compliant Trust and Martial Property Agreement and

---

[2] Morgan Stanely is referred to as "MS" in the SOC.
[3] The Court notes the similarity between the 2007 and 2009 gravamen moments. The description provided seems somewhat contradictory, as it would mean that "the vast majority of [Mr. Meredith's] money and assets" were transferred to his wife, twice.

purchase portfolio insurance…" ECF No. 22 at 30.[4] Plaintiff alleges he "discovered the negligent transmutation in the middle of 2009[.]" ECF No. 6 at 5.

In 2014, Plaintiff and his wife filed for divorce. ECF No. 6 at 7. At issue in the divorce proceedings was ownership of the accounts with Defendant. *Id*. In October 2021, the California Family Court ruled the Martial Property Agreement was an invalid transmutation. *Id*. In November 2021, Plaintiff filed a FINRA complaint against Defendant for negligence relating to various aspects of Defendant's care of Plaintiff's wealth, including the 2007 account openings and circumstances surrounding the California Compliant Trust and Marital Property Agreement. *Id*. at 8.

On December 20, 2022, Defendant filed a motion to dismiss in the FINRA arbitration proceeding, arguing Plaintiff's claim was filed well outside of the six-year time limitation outlined in FINRA Rule 12206. *Id*. at 10. On February 14, 2023, the FINRA arbitration panel issued its ruling. *Id*. at 11-12. The panel identified April 2007 as the gravamen moment for Plaintiff's main claim. ECF No. 22 at 26. The panel also found the tolling provision of FINRA Rule 12206(d) did not apply. *Id*. As a result, the panel concluded Plaintiff's claim was time-barred and granted Defendant's motion to dismiss. *Id*.

## II. LEGAL STANDARDS

The Federal Arbitration Act ("FAA") governs Plaintiff's request. *See* 9 U.S.C. § 10, 12. Section 10 of the FAA provides the grounds on which a court may vacate an arbitration award. 9 U.S.C. § 10(a)(1)-(4). In general, review of arbitration decisions by district courts is limited and bound by a highly deferential standard. *Schoenduve Corp. v.*

---

[4] The allegations on this point are muddled at best. In Plaintiff's motion and reply, he argues the dispensing of unlicensed advice and recommendation to purchase "a financial product" occurred in 2009. *See* ECF No. 6 at 7:23-26-8:1-6; ECF No. 24 at 2:14-23. However, the SOC references these events occurring in or around "late 2008". *See* ECF No. 22 at 30. The SOC's sole reference to *any* event in 2009 concerns a portfolio loan after financial markets underwent a significant drop. *Id*. at 32.

*Lucent Techs., Inc.*, 442 F.3d 727, 730 (9th Cir. 2006) (citation omitted). The Supreme Court described this as a "high hurdle" which cannot be overcome even by a showing that "the panel committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (internal quotations and citations omitted); *see also Poweragent, Inc. v. Electronic Data Systems Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) ("An arbitration award may be vacated only if it is completely irrational or constitutes manifest disregard for the law."). The Ninth Circuit has found "[n]either erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statue." *Kyocera Corp. v. Prudential Bache*, 341 F.3d 987, 994 (9th Cir. 2003).

Relevant here, the Supreme Court has ruled that eligibility for an arbitration claim is a matter for the arbitrators to decide, not a court. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("Thus, procedural questions which grow out of the dispute and bear on this final disposition are presumptively not for the judge, but for an arbitrator, to decide.") (internal quotation and citation omitted). In the Ninth Circuit, time limitation rules specifically have been considered procedural matters for the arbitrators to decide. *See Oshidary v. Purpura-Andriola*, No. C 12-2092-SI, 2012 WL 2135375 at *5 (Jun. 12, 2012) *affirmed* 564 Fed.Appx. 325 (9th Cir. 2014) (citation omitted). In *Oshidary*, Judge Susan Illston observed that previous courts "concluded that Rule 12206 is not a strict rule of eligibility, but a question for the arbitrators more akin to a statute of limitations, and therefore 'the arbitrators were free to interpret the rule as they saw fit, including adding in tolling provisions or a discovery rule.'" *Id.* (citation omitted).

### III. DISCUSSION

At their core, Plaintiff's arguments represent a disagreement with the FINRA panel's application of FINRA Rule 12206(a). Plaintiff argues the panel misapplied this for two reasons. ECF No. 24 at 3-7. First, Plaintiff argues the panel should have "tolled" the time between 2014 and 2021 under FINRA Rule 12206(d) due to Plaintiff's on-going

divorce proceedings. *Id*. at 3-4.  Second, Plaintiff argues the panel misidentified the gravamen moment as occurring in 2007, not 2009.  *Id*. at 6.  Plaintiff argues due to these factual errors, the FINRA arbitration panel erroneously dismissed his claim.  Because the panel never reached the merits of his case, Plaintiff argues subsections 10(a)(3) and 10(a)(4) can be applied to vacate the panel's decision.  *See* 9 U.S.C. § 10(a)(3) ("where the arbitrators were guilty of misconduct in refusing to. . . hear evidence pertinent and material to the controversy[,]") and § 10(a)(4) ("where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award…was not made.")

      Defendant argues even if the panel's application of FINRA Rule 12206(a) was erroneous, this is not sufficient legal ground for the Court to vacate the panel's decision. *See Cristo v. Charles Schwab Corp.*, No. 17-cv-1843-GPC-MDD, 2021 WL 6051825 at *6 (S.D. Cal. Dec. 21, 2021) ("The Court recognizes Plaintiff's dissatisfaction with the panel's eligibility rulings; however, the Court may not second-guess the panel's interpretation of FINRA Rule 12206(a), even if erroneous.") (*citing Kyocera*, 341 F.3d at 994; *Oshidary*, *supra* at *5).

      While Plaintiff makes several factual arguments regarding the gravamen moment or the applicability of the tolling provisions of FINRA Rule 12206(d), these arguments are not supported by legal authority.  Between both motion and reply, Plaintiff cites only two cases: *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Berry*, 92 Fed.Appx. 243, 246 (6th Cir. 2004) (unpublished) and *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008).  Unfortunately, neither supports Plaintiff's arguments concerning the alleged erroneous factual findings or misapplication of FINRA Rule 12206.[5]

---

[5] In *Hall Street Associates*, the Supreme Court resolved a circuit split regarding whether the provisions of 9 U.S.C. § 10 represented exclusive grounds for vacatur of an arbitration award, or whether they were mere threshold provisions open to expansion by agreement of the parties.  *Id*. at 583-84.  The Supreme Court held 9 U.S.C. § 10 represented "exclusive grounds for expedited vacatur and modification."  *Id*. at 584.

     Ultimately, the Court concludes Plaintiff has not "cleared the high hurdle" to show that "extreme arbitral conduct" or any other irregularities occurred which would subject the FINRA arbitration panel's decision to vacatur. *Hall Street Associates*, at 586. Even if the Court considered all of Plaintiff's factual arguments concerning the gravamen moment or the tolling issue true and correct (which it does not), these represent, at best, "erroneous legal conclusions" and "unsubstantiated factual findings" which the Ninth Circuit has already ruled are inadequate grounds for vacatur. *Kyocera*, 341 F.3d at 994.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 25, 2023

                                              **HON. ROGER T. BENITEZ**
                                              United States District Judge

---

*Merrill Lynch*, apart from being an unpublished opinion from another circuit, merely states the FAA's "pro-arbitration policy relies on the assumption that the forum is fair." 92 Fed. Appx. at 246.