**NOT FOR PUBLICATION**

FILED

DEC 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLIE MEREDITH,<br><br>Petitioner - Appellant,<br><br>v.<br><br>MORGAN STANLEY SMITH BARNEY LLC; MORGAN STANLEY,<br><br>Respondents - Appellees. | No. 23-3380<br><br>D.C. No.<br>3:23-cv-00850-BEN-DDL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 14, 2024**
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and ROSENTHAL,*** District Judge.

Charlie Meredith appeals the district court's denial of his motion for an order

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

granting his petition to vacate a Financial Industry Regulatory Authority ("FINRA") arbitration decision. Meredith argues that FINRA erred in dismissing his claim as time-barred under FINRA Rule 12206(a) and that the district court should have vacated the dismissal under 9 U.S.C. § 10. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"While we review de novo the decision to vacate or confirm an arbitration award, review of the award itself is 'both limited and highly deferential'. . . ." *PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) (quoting *Coutee v. Barington Cap. Grp., L.P.*, 336 F.3d 1128, 1132–33 (9th Cir. 2003)). To be entitled to vacatur, the petitioner "must clear a high hurdle." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "It is not enough for petitioners to show that the panel committed an error—or even a serious error." *Id.* "[A]n arbitration award may be vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'" *PowerAgent Inc.*, 358 F.3d at 1193 (quoting *Coutee*, 336 F.3d at 1132–33). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [Federal Arbitration Act] . . . ." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "[P]rocedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the

judge, but for an arbitrator, to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (quotation marks and quoting reference omitted).

The Panel's written explanation for the dismissal sets out a rational basis for concluding that Meredith's claim was time-barred, as well as for the Panel's determinations that the key event giving rise to the claim occurred in 2007 and that Meredith's divorce proceedings did not toll the statute of limitations. Meredith's arguments that the Panel misinterpreted or misapplied FINRA Rule 12206 do not warrant vacating the Panel's decision. *Cf. United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 922 (9th Cir. 2009) (denying a petition to vacate a dismissal based on the statute of limitations because "the date the panel chose has a reasonable basis in common sense and . . . the award did not manifestly disregard the law").

Meredith's two arguments for vacatur under 9 U.S.C. § 10(a)(3) both rely on an incorrect contention that the Panel erred by denying him the opportunity to present evidence at the prehearing conference. FINRA Rule 12206(b)(2) states that motions for dismissal of a claim as time-barred must be filed "at least 90 days before a scheduled hearing." FINRA Rule 12206(b)(7) requires that, "[i]f the party moves to dismiss on multiple grounds including eligibility, the panel must decide eligibility first." According to FINRA's online FAQ page, "[a] panel may grant a motion to dismiss on eligibility grounds at any stage of the proceeding . . ., including a prehearing motion, if the claim is not eligible for submission to arbitration because

six years have elapsed." *Motions to Dismiss and Eligibility Rules FAQ*, FINRA, https://www.finra.org/arbitration-mediation/rules-case-resources/motion-to-dismiss/faq (last visited October 29, 2024). Based on these rules, a panel does not err—much less manifestly disregard the law—by dismissing a time-barred case before a hearing is held or evidence is presented.

Meredith's claim for vacatur under 9 U.S.C. § 10(a)(4) is similarly unavailing. FINRA Rule 12514(a) requires disclosure of all materials that a party "intend[s] to use at the hearing." Morgan Stanley gave a PowerPoint presentation at a prehearing conference on its motion to dismiss Meredith's claim as time-barred. Meredith contends that the Panel exceeded its powers by not requiring Morgan Stanley to share that presentation with Meredith in advance. But FINRA Rule 12514(a) does not state that the disclosure requirement applies to documents or materials used at prehearing conferences, and Meredith points to no authority that it does. Even if Meredith should have received earlier disclosure of the timeline showing that his claim was filed years too late, the record does not show that Meredith could have responded in a way that changed the outcome.

**AFFIRMED.**